IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

HERIBERTO ARMENDARIZ-GARCIA,

    Defendant.

Case No. 17-20043-JAR-1

## MEMORANDUM AND ORDER

Before the Court is Defendant Heriberto Armendariz-Garcia's pro se Motion to Compel Removal of Restitution (Doc. 223).  In this motion, Defendant claims that his case manager at FCI Oxford informed him that he "owed a total of $11,000+, of which $1,800+ was paid, and $9,200+ is still owed," despite the fact that he was not ordered to be pay restitution as part of his sentence.[1]  He asks the Court to "issue an official letter showing that he has no restitution," in order to remedy what he characterizes as a "clerical error," so that he is not required to pay the amount shown above.

The Court has reviewed the docket in this case.  Defendant is correct that he was not directed to pay restitution as part of the judgment other than the $100 mandatory special assessment.[2]  Thus, Defendant's request that the Court clarify or order that he does not owe restitution is moot.  However, Defendant did sign a forfeiture agreement as part of the terms of his plea agreement on September 23, 2019.[3]  As part of that agreement, "[t]he defendant

---

[1] Doc. 223 at 1.

[2] Doc. 174 at 6.

[3] Doc. 173.  "[F]orfeiture and restitution are distinct remedies. Restitution exists to make victims whole. Forfeiture, on the other hand, exists to punish those who commit crimes." *United States v. Channon*, 973 F.3d 1105, 1107 (10th Cir. 2020).

knowingly and voluntarily waives his right to a trial regarding forfeiture, and voluntarily waives all constitutional, legal, and equitable defenses to the imposition of the $11,100.00 forfeiture judgment."[4]  Because Plaintiff has relinquished any ownership rights he may have had in this currency and agreed to surrender it as part of the forfeiture agreement, his motion must be denied to the extent it seeks to challenge the forfeiture judgment.[5]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Compel Removal of Restitution (Doc. 223) is denied as **moot**.

**IT IS SO ORDERED.**

Dated: October 17, 2024

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE

---

[4] *Id.* at 1–2.

[5] *See United States v. Le*, 173 F.3d 1258, 1278 (10th Cir. 1999) (affirming district court's decision denying the defendant's motion to return seized property where he signed a forfeiture agreement).